UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS TUCUBAL CHUMIL,

          Plaintiff,

-against-

AMWAY GENERAL CONSTRUCTION CORPORATION,

          Defendant.

---

**COMPLAINT AND JURY DEMAND**

Civil No.:

---

Plaintiff, CARLOS TUCUBAL CHUMIL, by his attorneys, GINARTE GALLARDO GONZALEZ WINOGRAD, L.L.P., as and for a Complaint against the Defendant herein, respectfully allege as follows, upon information and belief:

**PARTIES**

ONE: At all times herein mentioned, Plaintiff, CARLOS TUCUBAL CHUMIL (hereinafter "CHUMIL"), was and still is a domiciliary/citizen of the State of New Jersey and resided at 54 N. Center Street, Orange, NJ 07050.

TWO: At all times herein mentioned, Defendant, AMWAY GENERAL CONSTRUCTION CORPORATION (hereinafter "AMWAY"), was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

THREE: At all times herein mentioned, Defendant, AMWAY maintained its principal place of business located at 1901 84th Street, Apt. 2I, Brooklyn, NY in the County of Kings, State of New York.

FOUR: At all times herein mentioned, Defendant, AMWAY transacted business within the State of New York.

## JURISDICTION AND VENUE

FIVE: Jurisdiction is proper pursuant to 28 U.S.C. 1332 in that there is complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and fees.

SIX: Venue is proper pursuant to 28 U.S.C. 1391(a)(1) as the event giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

SEVEN: That on August 3, 2020, the Plaintiff, CHUMIL sustained injuries while working on a construction project.

EIGHT: That the construction project where the Plaintiff, CHUMIL was working was located at 1021 77th Street, Brooklyn, NY 11228 (Block 5955, Lot 71); hereinafter referred to as the "subject premises."

NINE: That at all times hereinafter mentioned, the Plaintiff, CHUMIL was a construction worker and roofer employed by Milton Alvarez.

TEN: That at all times hereinafter mentioned, Milton Alvarez had been retained by AMWAY to perform construction and roofing work at the subject premises.

ELEVEN: That at all times hereinafter mentioned, the Plaintiff, CHUMIL, was lawfully at the construction site located at the subject premises for the purpose of carrying on employment activities.

TWELVE: That at all times hereinafter mentioned, Plaintiff CHUMIL was lawfully at the subject premises and in the course of his employment with Milton Alvarez, in the construction, erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, and/or maintenance operations at the premises.

THIRTEEN: That at all times hereinafter mentioned, the Plaintiff, CHUMIL was

performing his assigned construction and roofing job duties including installation of a tarp while working from a ladder.

FOURTEEN: That at all times hereinafter mentioned, the ladder the Plaintiff, CHUMIL was working from became unsecured, unsafe and dangerous and it moved causing him to fall to the ground below.

FIFTEEN: That at all times hereinafter mentioned, the Plaintiff, CHUMIL sustained severe personal injuries while performing his assigned construction duties at the subject premises.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF AMWAY

SIXTEEN: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered ONE through FIFTEEN as if more fully set forth at length herein.

SEVENTEEN: That at all times hereinafter mentioned, Defendant AMWAY was the owner of the subject premises.

EIGHTEEN: That at all times hereinafter mentioned, Defendant AMWAY was the lessor of the subject premises.

NINETEEN: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees operated the subject premises.

TWENTY: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees controlled the subject premises.

TWENTY-ONE: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees managed the subject premises.

TWENTY-TWO: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees supervised the subject premises.

TWENTY-THREE: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees maintained the subject premises.

TWENTY-FOUR: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees, was developing the subject property.

TWENTY-FIVE: That at all times hereinafter mentioned, construction work was being done at the subject premises.

TWENTY-SIX: That at all times hereinafter mentioned, the Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees had a duty to keep the subject premises in a safe condition, free of any dangers or hazards for those lawfully thereat.

TWENTY-SEVEN: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees engaged in construction work at the subject premises.

TWENTY-EIGHT: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees engaged in renovation work at the subject premises.

TWENTY-NINE: The aforesaid building construction/renovation constituted a construction project within the meaning and intent of Article 10 of the New York State Labor Law.

THIRTY: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees served as the general contractor for the construction and/or renovation work performed at the subject premises.

THIRTY-ONE: That at all times hereinafter mentioned, Defendant AMWAY by its agents, servants, licensees, affiliates, lessees and/or employees served as the construction manager for the construction and/or renovation work performed at the subject premises.

THIRTY-TWO: That at all times hereinafter mentioned, Defendant AMWAY, by its

agents, servants, licensees, affiliates, lessees and/or employees, was responsible for the safety of all workers performing construction work or services at the subject premises.

THIRTY-THREE:   That some time prior to August 3, 2020, the Defendant AMWAY contracted with Milton Alvarez, to engage in construction to repair, alter, clean, renovate, construct and/or maintain the construction site located at the subject premises.

THIRTY-FOUR:   That on or about August 3, 2020, at the subject premises, the Plaintiff CHUMIL, while working for Milton Alvarez was caused to fall a significant height from an unsafe, unsecured and dangerous ladder while performing his assigned job duties.

THIRTY-FIVE: That on or about August 3, 2020, as a result of the recklessness, carelessness and negligence of the Defendant, AMWAY, its officials, agents, servants and/or employees in the ownership, operation, construction, control, repair, development, maintenance, supervision and management of the aforementioned construction site and their violation of §200, §240(1) and §241(6) of the Labor Laws of the State of New York, violations of the Industrial Code Rule No. 23; as well as applicable OSHA rules and regulations, the Plaintiff, LOJA, sustained  extensive, serious, grave and permanent injuries while performing his assigned construction job duties including installation of a tarp when he was caused to fall from a dangerous, unsecured and unsafe ladder at the subject premises.

THIRTY-SIX:   That on or about August 3, 2020, at the aforesaid construction site, as a result of the recklessness, carelessness and negligence of the Defendant AMWAY, its officials, agents, servants and/or employees including contractors and subcontractors were negligent, reckless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession, and inspection of the subject premises and construction site in that they failed to provide the Plaintiff with a safe place to work; failed to provide a safe ladder so as to afford proper protection to the Plaintiff on the site; in causing and/or permitting unsafe

conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the Plaintiff; failed to provide a safe scaffold so as to afford proper protection to the Plaintiff on the site; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the Plaintiff; failed to provide a safety harness and lanyard while working at an elevated position to perform his assigned work; in causing and permitting hazardous and dangerous conditions to exist in violations of the law; and in failing to take those steps and measures necessary to protect the life of the Plaintiff in causing the Plaintiff to work and be employed in a hazardous place, under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange and/or maintain the construction/worksite and the equipment thereat so as to give proper protection to the Plaintiff; in causing and allowing the Plaintiff to be exposed and subjected to an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated work area; in causing and allowing the Plaintiff to work from an unsafe ladder and/or scaffold; in causing and allowing the Plaintiff to be thrust from a height; in failing and/or refusing to properly secure the elevated work platform in order to prevent it from becoming unstable and causing the Plaintiff to fall; in failing to inspect the safety devices and safety conditions upon the job site; in failing to have a safety plan for the job site; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below; in failing to perform inspections of safety devices; in failing to provide the Plaintiff with proper safety equipment; in failing to provide the Plaintiff with a safety harness or lanyard and/or a place to tie off with such equipment; in failing to provide the Plaintiff with proper fall protection; in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; the applicable OSHA rules and regulations; violated the

applicable provisions of the industrial code regulations of the state of New York as they pertain to construction; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to provide the Plaintiff with the approved fall protection devices and/or independent work platforms from which to perform his work; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below causing his injuries; in failing to prevent the Plaintiff from falling from the scaffold and/or ladder to the ground below causing his injuries; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to instruct, direct and/or train Plaintiff; in failing to inspect the safety devices and safety conditions upon the job site; and in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; in violating the provisions of the Industrial Code Rule No. 23; and in failing to provide a safe worksite and area where he was working.

THIRTY-SEVEN: That Defendant AMWAY, had actual notice and/or constructive notice of the defective and dangerous condition prior to the happening of the accident alleged herein.

THIRTY-EIGHT: That as a result of the aforesaid, Plaintiff, CHUMIL, was rendered sick, sore, lame and disabled; was caused to suffer great physical pain, mental anguish and depression; has been obligated to submit himself for medical aid and other treatment; will continue to suffer great pain and suffering; and has sustained and will continue to sustain special damages in a sum which exceeds the jurisdiction of all lower Courts of the State of New York.

THIRTY-NINE: That the damages incurred by Plaintiff CHUMIL, as aforesaid, arose wholly and solely through the negligence, carelessness and recklessness of the Defendant, AMWAY, its officials agents, servants and/or employees without fault or want of care on the part of Plaintiff CHUMIL.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants herein, for damages, in the amount of Ten Million Dollars ($10,000,000), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: New York, New York
October 28, 2020

                                                                     Michael L. Edelman, Esq. (MLE-6838)
GINARTE GALLARDO
GONZALEZ WINOGRAD, L.L.P.
*Attorneys for Plaintiffs*
CARLOS TUCUBAL CHUMIL
The Woolworth Building
233 Broadway, Suite 2405
New York, NY 10279
(212) 601-9700

TO: **DEFENDANTS**

**AMWAY GENERAL CONSTRUCTION CORPORATION**
*DOS Process*
1901 84th St., Apt. 2I
Brooklyn, NY 11214